IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKS WALTER,<br><br>        Plaintiff,<br><br>  v.<br><br>HEATHER FONG, San Francisco Police Chief, et al.<br><br>        Defendants.<br>_____/ | No. C 07-02615 SBA (PR)<br><br>**ORDER GRANTING *IN FORMA PAUPERIS* STATUS, DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING HIS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>(Docket nos. 2, 3, 4) |

### I.    **Motion for *In Forma Pauperis* Status**

Plaintiff's application for in forma pauperis status (docket no. 2) is GRANTED. The total filing fee due is $350.00. The initial partial filing fee due for Plaintiff at this time is $4.00. A copy of this Order and the attached instruction sheet will be sent to Plaintiff, the Prison Account Trust Office, and the Court's Financial Office.

### II.    **Motion for Appointment of Counsel**

Plaintiff requests the appointment of counsel to represent him in this action (docket no. 4).

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in

§ 1983 action), <u>withdrawn in part on other grounds on reh'g en banc</u>, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>See id.</u> at 1525; <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. <u>See id.</u>

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a <u>pro bono</u> appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately <u>pro se</u> in light of the complexity of the issues involved. <u>See</u> <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel at this time is DENIED. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings, that is, after Defendants have filed their dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to agree to represent Plaintiff <u>pro bono</u>.

### III. **Motion for Leave to File Amended Complaint**

Plaintiff has also filed a motion for leave to file a amended complaint (docket no. 3).

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. <u>See</u> Fed. R. Civ. P. 15(a). Where a plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court. <u>Waits v. Weller</u>, 653 F.2d 1288, 1290 (9th Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments

1 and, in general, leave shall be freely given when justice so requires. Janicki Logging Co. v. Mateer,
2 42 F.3d 561, 566 (9th Cir. 1994).

3     The Court notes that the defendants in this action have not been served at this time. Plaintiff
4 may as a matter of course amend his complaint because a responsive pleading has not yet been
5 served. See Fed. R. Civ. P. 15(a).

6     Accordingly, Plaintiff's motion for leave to file an amended complaint is GRANTED.

## CONCLUSION

8     For the foregoing reasons, the Court orders as follows:

9     1.    Leave to proceed in forma pauperis is GRANTED (docket no. 2).

10     2.    Plaintiff's request for appointment of counsel (docket no. 4) is DENIED.

11     3.    Plaintiff's motion for leave to file an amended complaint (docket no. 3) is
12 GRANTED.

13     4.    Within **thirty (30) days** from the date of this Order Plaintiff shall file an amended
14 complaint. Plaintiff must use the attached civil rights form, write the case number for this action on
15 the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.
16 If Plaintiff fails to file an amended complaint within the thirty-day deadline, then the Court will
17 conduct an initial review of his original complaint.

18     5.    The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy
19 of this Order.

20     6.    This Order terminates Docket nos. 2, 3 and 4.

21     IT IS SO ORDERED.

22 DATED: 6/12/07     _Saundra B Armstrong_
    SAUNDRA BROWN ARMSTRONG
23     United States District Judge

P:\PRO-SE\SBA\CR.07\Walter2615.IFP-ATTY&AMcompl.frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BROOKS WALTER,

         Plaintiff,

v.

SAN FRANCISCO POLICE CHIEF et al,

         Defendant.

Case Number: CV07-02615 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 13, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Walter Brooks #2306294
San Francisco County Jail
555 Seventh Street
Second Floor
San Francisco, CA 94103

Dated: June 13, 2007

         Richard W. Wieking, Clerk
         By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Walter2615.IFP-ATTY&AMcompl.frm

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action <u>in forma pauperis</u> in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting <u>in forma pauperis</u> and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:   Plaintiff/Petitioner
      Finance Office

P:\PRO-SE\SBA\CR.07\Walter2615.IFP-ATTY&AMcompl.frm