IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER BROOKS,<br><br>            Plaintiff,<br><br>   v.<br><br>SAN FRANCISCO POLICE CHIEF<br>HEATHER FONG, et al.,<br><br>            Defendants. | No. C 07-2615 SBA (PR)<br><br>**ORDER OF SERVICE AND**<br>**ADDRESSING PENDING**<br>**MOTIONS**<br><br>(Docket nos. 15, 16, 20, 21, 24) |

## BACKGROUND

Plaintiff Brooks Walter, a state prisoner currently incarcerated at San Quentin State Prison filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. On July 5, 2007, Plaintiff filed an amended complaint, which is the operative complaint in this action.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Accordingly, the Court will screen the amended complaint to determine whether Defendants are required to respond.

Venue is proper in this district as the acts complained of occurred in San Francisco County, which is located in this district. 28 U.S.C. § 1391(b).

## DISCUSSION

**I.     Standard of Review**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Dismissal for failure to state a claim is warranted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## II.    Legal Claims

### A.    Excessive Force Claim on March 3, 2007

According to the allegations in the complaint, the named Defendants violated his constitutional rights. Plaintiff alleges that Defendants used excessive force against him when he was in a holding cell on March 3, 2007.

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)); see Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) ("The Due Process clause protects pretrial detainees from the use of excessive force that amounts to punishment . . . . Graham therefore explicates the standards applicable to a pretrial detention excessive force claim in this circuit.") (citations omitted).

To determine whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of the word, the court first looks to whether the disability imposed is for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. See Bell, 441 U.S. at 538. Absent a showing of an express intent to punish, whether a restriction amounts to punishment will generally turn on whether there is an alternative, rational purpose for the restriction, and whether the restriction then appears excessive in relation to that purpose. See id. If a restriction or condition is not reasonably related to a legitimate goal, i.e., if it is arbitrary or purposeless, the court may infer that the purpose of the action is punishment. See id. at 539.

Liberally construed, Plaintiff's allegations state a cognizable excessive force claim against

San Francisco Police Department Sergeant Haggett, Badge # 16.[1]  However, Plaintiff has not alleged facts sufficient to state a claim for supervisory liability against San Francisco Police Department Chief Heather Fong.  See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (a supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation).  Accordingly, the claims against Chief Heather Fong are DISMISSED without prejudice.

### B. Verbal Harassment and Alleged Resulting Excessive Force Claim on June 8, 2007

Plaintiff alleges that after the aforementioned incident, Defendant Haggett verbally harassed Plaintiff by stating, "Your [sic] a child molestor, the lowest of the low."  Then, Plaintiff claims that Defendant Haggett turned to "a Hispanic male detainee" and stated, "He's a child molestor the lowest of the low, you should take care of him."  He claimed Defendant Haggett spoke in "a malicious and sadistic tone."

Although 42 U.S.C. § 1983 protects inmates from violations of their rights under federal law, allegations of verbal harassment and abuse fail to state a claim cognizable under § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (holding "disrespectful and assaultive comments" by prison guard insufficient to implicate Eighth Amendment).  Accordingly, the verbal harassment alleged in this case does not state a cognizable claim for the violation of any federal law.

Plaintiff also alleges that while he was awaiting transfer to San Quentin State Prison on June 8, 2007, he was approached by a Hispanic inmate and an African American inmate and "slapped. . .

---

[1] Plaintiff initially listed Defendant's name as "Haggert" in his original complaint.  However, it is spelled as "Haggett" in his amended complaint.  Therefore, the Clerk of the Court is directed to substitute the Defendant listed as "Haggert Badge #16" with "Sergeant Haggett, Badge #16."

hard across the face" by the African American inmate. He claims that this was related to Defendant Haggett's March 3, 2007 verbal harassment because prior to this incident, the Hispanic inmate stated, "Didn't police say you were a child molestor." Plaintiff alleges that Defendant Haggett presumably had an opportunity to prevent the "attack" on Plaintiff by not revealing to other inmates that Plaintiff was a "child molestor." However, in the circumstances alleged, Defendant Haggett cannot be held liable for the African American inmate's use of force against Plaintiff because the allegations are conclusory.

A prison official's failure to intervene to prevent a constitutional violation may be basis for liability. See, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for Eighth Amendment liability). Liability may be imposed on an Defendant Haggett under § 1983 only if Plaintiff can show that Defendant Haggett proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988) (the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation). Here, Plaintiff claims that an African American inmate "slapped him" because Defendant Haggett verbally harassed Plaintiff by calling him a "child molestor." However, this incident involving the African American inmate took place more than three months after the incident involving Defendant Haggett. Furthermore, the Hispanic inmate merely stated that he had heard that Plaintiff was a "child molestor" from "police" and not directly from Defendant Haggett. Accordingly, Plaintiff's sweeping conclusory allegations do not suffice, and he has failed to allege facts showing the basis for liability against Defendant Haggett stemming from the June 8, 2007 incident.

## **CONCLUSION**

1.     The Court finds that Plaintiff's complaint states a cognizable excessive force claim against Defendant Haggett stemming from the March 3, 2007 incident.

2.     Plaintiff's claims against San Francisco Police Department Chief Heather Fong are

4

DISMISSED without prejudice because he fails to state a cognizable claim under § 1983.

3.      The Court finds that Plaintiff's complaint failed to state a cognizable claim against Defendant Haggett related to the alleged "verbal harassment" on March 3, 2007 and to the incident on June 8, 2007.

4.      The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint in this matter (docket no. 10), and a copy of this Order upon: **San Francisco Police Department Sergeant Haggett, Badge #16.** The Clerk shall also mail copies of these documents to the San Francisco County Counsel's Office. Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

5.      In order to expedite the resolution of this case, the Court orders as follows:

a.      Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **thirty (30) days** from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **forty-five (45) days** after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendant's declarations, Defendant's version may be taken as true and the case may be decided in Defendant's favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.     If Defendant wishes to file a reply brief, he shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

      d.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

      7.     All communications by Plaintiff with the Court must be served on Defendant, or his

counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

10. Plaintiff's requests for service by the U.S. Marshal (docket nos. 20, 21) are GRANTED.

11. Plaintiff has also filed requests to submit evidence concerning the amended complaint. The Court has reviewed the amended complaint, or ordered service of the amended complaint. Accordingly, Plaintiff's requests to submit additional evidence (docket nos. 15, 16, 24) are GRANTED. However, the Court notes that Plaintiff should have included all supporting documentation in his amended complaint and cannot continue to submit evidence outside of the complaint at this stage of the proceedings.

12. The Clerk of the Court is directed to substitute the Defendant listed as "Haggert Badge #16" with the corrected spelling of his name as listed in his amended complaint: "Sergeant Haggett Badge #16."

13. This Order terminates Docket nos. 15, 16, 20, 21, and 24.

IT IS SO ORDERED.

DATED: 3/4/08                                   _Saundra B Armstrong_

7

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BROOKS WALTER,

        Plaintiff,

v.

SAN FRANCISCO POLICE CHIEF et al,

        Defendant.

Case Number: CV07-02615 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Walter Brooks V-23996
California State Prison - San Quentin
San Quentin, CA 94974

Dated: March 5, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

8

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

P:\PRO-SE\SBA\CR.07\Brooks2615.service&pendingMOTS.frm 9