WALTER BROOKS (Pro Se)
SQSP
San Quentin, CA 94974

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALTER BROOKS (Pro Se)
  Plantiff

V.

SAN FRANCISCO POLICE CHIEF
HEATHER FONG, et al.,
  Defendants

FILED
MAR 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

No# C07-2615 SBA (PR)

MOTION TO Reconsider ORDER FOR DISMISSAL OF Plantiffs claim: SUPERVISORY Liability Against San Francisco Police Chief Heather Fong.

Honorable Judge Armstrong,
  Plantiff Humbly request that the Court reconsider the "order of Dismissal" of Plantiffs claim of: "Supervisory Liability," against San Francisco Police Chief Heather Fong, for the following reasons:

Arguments:

I.

In a San Francisco Chronicle newspaper Article Dated: February 5, 2006, Titled: The Use of Force officer John Haggett. See: Plantiff Exibt-E', Submitted 12-18-07. The San Francisco Police Chief Heather Fong made the following statement: "The discipline meted out to Haggett in the past was Imposed by the Police Commision". On march 3, 2007 Defendant Haggett was working at Southern Station at 850 Bryant Streets, where Plantiff claims Incident of Excessive Force Took Place. With the prior knowledge San Francisco police Chief Heather Fong had regarding Defendant Haggett #16 on the Job Practice of Excessive Force creates a Municiple liability, Gibson V. United States, 781 F2d 1334, 1338 (9th Cir 1986); Crumpton V. Gates, 947 F2d 1418, 1420 (9th Cir 1991); WMX Techs, Inc. V. Miller, 197 F3d 367, 372 (9th Cir 1999) amounting to Neglagatory diliberate Indifference to an unreasonable risk to Plantiff's Constitutional rights being Violated by defendant Sargent John Haggett #16.

1: Exibit (E) is Docket #26

II.

San Francisco Police Chief Heather Fongs decesion to allow Defendant Haggett #16 to continue to Interact with the Public, Despite Her Prior Knowledge of the Demonstrated Practice of Excessive Force Used on The Job by Defendant Haggett #16. Amounts to "Diliberate Indifference To exsposing Plantiff to a Unreasonable risk To Constitutional rights being violated by Defendant Haggett #16. Pembaur V. City of Cincinnati, 475 U.S. 469, 482, 483 (1986); Fairley, 281 F.3d @ 918; Oviat 954 F2d @ 1447; Thompson V. City of Los Angles, 885 F.2d 1439, 1444 (1989).

III.

Futhermore Defendant Haggett #16 Has Demonstrated A Practise of Excessive Force that San Francisco Police Chief Heather Fong Was Knowledgable of on March 31, 2007 based on Supporting Information of Plantiffs Exibits (D & E) Submitted 12-18-07 Docket Numbers # 25, 26 Respectivly. Amounts to "Supervisory Liability" Thonson V. Duffy, F.2d 740, 744 (9TH Cir 1978) Showing diliberate Indiffcience, to Unreasonable risk, to Safty, and Violation of Civil rights, being vpolated by Defendant Haggett #16.

Conclusion.

Therefore, For the aformentioned reasons the Plantiff Humbly request the Court to reconcider Its order of March 4, 2008 to Dismiss Plantiffs Claim of "Supervisory Liability" against San Francisco Police Chief HEATHER FONG.

Respectfully Submitted,
Walter Brooks (PROSe)

March 9, 2008

C.C.: San Francisco County Counsels office.

3 of 3

W. Brooks V23996 (Pro Se)
S.Q.S.P.
San Quentin, CA 94974

ATTN: Saundra Brown
Office of the Clerk, U.S. District Court
1301 Clay Street Suite 400S
Oakland, CA 94612-5212

US Postage $00.41 Pitney Bowes



Re: C07-2615 SBA(PR)