1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  MEGHAN K. HIGGINS, State Bar #235685
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3896
6  Facsimile:     (415) 554-3837
   E-Mail:        Meghan.Higgins@sfgov.org

Attorneys for Defendant
SAN FRANCISCO SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WALTER BROOKS, | Case No. C 07-02615 SBA (PR) |
|---|---|
| Plaintiff, | DEFENDANT SERGEANT HAGGETT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |
| vs. | |
| SAN FRANCISCO POLICE DEPARTMENT SERGEANT HAGGETT, Badge # 16, | Date Action filed:   January 10, 2007<br>Trial Date:          Not set |
| Defendant. | |

Defendant John Haggett responds to the allegations of Plaintiff's "Amended Complaint" ("Complaint") as follows. Defendant responds only to the allegations that remain following the Court's Order of Service and Addressing Pending Motions, dated March 5, 2008.

**SPECIFIC RESPONSES**

Part I. With respect to the allegations contained in Part I, defendant responds as follows: There is a grievance procedure at the specified institution. With respect to the remaining allegations

Defendant Sergeant Haggett's Answer to Complaint
Brooks v. Haggett, C07-02615 SBA (PR)                    1                    n:\lit\li2008\081050\00479468.doc

of this Part, defendant is without knowledge of information sufficient to form a belief as to the truth of the allegation, and therefore denies each and every such allegation.

Part II. With respect to the allegations contained in Part II, defendant responds as follows: Defendant is without knowledge of information sufficient to form a belief as to the whereabouts of plaintiff. Defendant admits that he is a Sergeant with the San Francisco Police Department. Except as so admitted, defendant denies each and every remaining allegation of this Part.

Part III. With respect to the allegations contained in Part III, defendant responds as follows: Defendant denies each and every allegation.

Part IV. With respect to the prayer for relief set forth in Part IV, defendant denies that plaintiff has been damaged in any sum or at all as a consequence of any action by defendant; denies that plaintiff is entitled to any relief; and denies any wrongdoing.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that the Complaint and each and every allegation contained therein, whether considered singly or in any combination, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that the Complaint, and each and every claim set forth therein, is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that at all times and places mentioned in the Complaint, defendant acted without malice and with a good faith belief in the propriety of his conduct.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that at all times mentioned in the Complaint, defendant performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that plaintiff has failed to exhaust his administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that defendant's conduct at all times material herein was privileged and/or justified under applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that the Complaint is barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that plaintiff is estopped by his conduct from asserting any cause of action against defendant.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that, by his conduct, plaintiff has waived any right to recover any relief by the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that any relief sought by plaintiff is barred by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that plaintiff has failed to use due diligence to mitigate his damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to every allegation therein, defendant alleges that the Complaint should be dismissed based on plaintiff's failure to diligently prosecute this action, and his failure timely to effect service of process.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to each and every allegation therein, defendant alleges that plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendant to an award of attorneys' fees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint, defendant alleges that the actions complained of are protected by the doctrine of qualified immunity as set forth in *Anderson v. Creighton*, 107 S. Ct. 3034 (1984), and related cases.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to every allegation therein, defendant alleges that this action is barred due to the doctrine of res judicata and/or collateral estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the Complaint and to every allegation therein, defendant alleges that plaintiff's complaint and each cause of action are barred because any alleged use of force against plaintiff by defendant was privileged, reasonable, and justified.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that all or some of plaintiff's claims for relief are barred by the Prison Litigation Reform Act, including but not limited to the requirement of exhaustion of administrative remedies and grievance procedures and other applicable provisions of 42 U.S.C. §1997.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that no more force was used on plaintiff's person than was necessary to effect detention, overcome any resistance, prevent escape, prevent injury to the officer or officers and/or to facilitate and safeguard a valid investigatory or custodial purpose.

WHEREFORE, defendants pray for judgment as follows:

1. That plaintiff take nothing from defendant;
2. That the complaint be dismissed with prejudice;
3. That judgment be entered in favor of defendant;
4. That defendant recover costs of suit herein, including attorneys' fees; and
5. For such other relief as is just and proper.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 3-6, defendant demands a jury trial.

Dated: May 6, 2008

                        DENNIS J. HERRERA
                        City Attorney
                        JOANNE HOEPER
                        Chief Trial Deputy
                        MEGHAN K. HIGGINS
                        Deputy City Attorneys

                        By:   /s/
                              MEGHAN K. HIGGINS

                        Attorneys for Defendant
                        SERGEANT HAGGETT