DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3896
Facsimile:     (415) 554-3837
E-Mail:          Meghan.Higgins@sfgov.org

Attorneys for Defendant
SERGEANT JOHN HAGGETT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER BROOKS,<br><br>        Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO POLICE DEPARTMENT SERGEANT HAGGETT, Badge # 16,<br><br>        Defendant. | Case No. C 07-02615 SBA (PR)<br><br>**DEFENDANT HAGGETT'S MOTION FOR ENLARGEMENT OF TIME TO FILE A MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MEGHAN K. HIGGINS IN SUPPORT THEREOF**<br><br>Hearing Judge:    Hon. S. B. Armstrong<br>Place:                Courtroom 3, 3rd Floor<br><br>Fed. R. Civ. P. 6(b)<br>Civil L. R. 6-1(b), 6-3<br><br>Date Action Filed:    July 5, 2007<br>Trial Date:            Not Set |

TO PRO SE PLAINTIFF WALTER BROOKS:

      NOTICE IS HEREBY GIVEN THAT on May 27, 2008, or as soon thereafter as the matter may be heard in the above-entitled Court, located Courtroom 3, 3rd Floor, at 1301 Clay Street, Suite

400 S, Oakland, Defendant Haggett will and hereby does move the Court for an order enlarging the time for filing a motion for summary judgment in this case by sixty days, to August 1, 2008.

Counsel for defendant telephoned Plaintiff at the number listed with the Court on May 16, 2008. *See* Declaration of Meghan K. Higgins ("Higgins Decl.") (attached hereto) ¶ 8. Plaintiff did not answer and Ms. Higgins left a voice mail message requesting a sixty day extension to file a motion for summary judgment and requesting that Plaintiff return her call. *Id*. Plaintiff has not returned counsel's call. *Id*. Accordingly counsel for defendant is unable to obtain a written stipulation conforming to Local Rule 7-12 with plaintiff's signature. *Id*. ¶ 9. Defendant has good cause for seeking additional time to file a dispositive motion.

The Court issued the Order of Service and Addressing Pending Motions in this case on March 5, 2008. The Court ordered Defendant Haggett to answer Plaintiff's complaint and to file a motion for summary judgment within thirty days of filing his answer. Defendant Haggett was served with the Complaint on April 16, 2008. *See* Higgins Decl. ¶ 2. Ms. Higgins has formed the opinion that a dispositive motion will be appropriate after she has gathered more information about the plaintiff's claim. *Id*. ¶ 5.

Ms. Higgins anticipates that it will take at least two months to be in a position to file a dispositive motion in this matter. *Id*. ¶ 6. Although defendant has already begun its investigation of Plaintiff's claims, defendant must interview all appropriate witnesses and draft declarations on their behalf to file for summary judgment. *Id*. Accordingly, defendant requests a sixty-day extension of time to file a dispositive motion.

This motion is supported by the Memorandum of Points and Authorities and the Declaration of Meghan K. Higgins, both attached hereto.

DATED: May 21, 2008

        DENNIS J. HERRERA
        City Attorney
        JOANNE HOEPER
        Chief Trial Deputy


    By:\_\_\_/s/_____
        MEGHAN K. HIGGINS
        Deputy City Attorney

1 | Attorneys for Defendant Sergeant John Haggett
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant seeks an order enlarging time to file a dispositive motion in this pro se prisoner civil rights case. Time for completing a court-ordered act may be enlarged upon a motion by a party. *See* Fed. R. Civ. P. 6(b); Civil L.R. 6-1(b). The motion must set forth with particularity the reason for the request; describe attempts to reach a stipulation to enlarge time; identify the substantial prejudice that would occur absent an order enlarging time; disclose all previous modifications of time in the case; and describe the effect of the requested time modification on the schedule for the case. Civil L.R. 6.3(a)(1)-(3), (5)-(6).

Plaintiff Walter Brooks filed an amended pro se complaint alleging civil rights violations against the San Francisco Sheriff's Department on July 5, 2007. On March 5, 2008, this Court held that plaintiff's complaint stated a cognizable civil rights claim under 42 U.S.C. § 1983 against defendant Haggett. The Court ordered defendant to file a summary judgment motion or other dispositive motion within thirty days of service of the complaint, or to inform the Court prior to that date if defendant believes the case cannot be resolved by summary judgment.

### Good Cause Exists to Extend the Time for a Dispositive Motion

On April 16, 2008, defendant was served with the summons and complaint in this case. Higgins Decl. ¶ 2. Defendant answered the complaint on May 6, 2008. *Id*. ¶ 3. The Court's order of service, dated March 5, 2008, directed Defendant to file a motion for summary judgment within 30 days of service of the complaint. *Id*. ¶ 4. Accordingly, a dispositive motion is currently due June 2, 2008. *Id*. Ms. Higgins has only been able to conduct a preliminary review of the case at this point. She has determined some information such as plaintiff's arrest records, but has determined that additional information must be gathered to move for summary judgment. *Id*. at ¶ 6. It will also likely be necessary to obtain declarations from defendant Haggett and other witnesses to the incident. *Id*. Nevertheless, Ms. Higgins has formed the preliminary opinion that this case may be resolved by summary judgment or other dispositive motion. *Id*. ¶ 5.

Ms. Higgins attempted to reach Plaintiff by telephone on April 16, 2008, by calling Plaintiff on the number listed with the Court. *Id*. ¶ 8. Plaintiff did not answer and Ms. Higgins left a message

1  requesting an extension and asking Plaintiff to return her call. *Id*. Plaintiff has not yet responded to
2  Ms. Higgins' telephone message. *Id*.
3      Granting the enlargement of time will preserve scarce judicial resources by enabling
4  defendant to seek summary judgment and possibly to avoid an unnecessary trial. Should the Court
5  deny this motion, defendant will be prejudiced by losing the opportunity to prepare a fully developed
6  dispositive motion.
7      No prior modifications of time have been made in this case.
8      Because no trial date has been set in this case, the requested enlargement of time would not
9  disrupt the schedule for this case.
10      For these reasons, Defendant Haggett respectfully requests that the time for filing a
11  dispositive motion in this case be extended to August 1, 2008.

13  DATED: May 21, 2008

                            DENNIS J. HERRERA
                            City Attorney
                            JOANNE HOEPER
                            Chief Trial Deputy

                            By: /s/_____
                                MEGHAN K. HIGGINS
                                Deputy City Attorney

                            Attorneys for Defendant Sergeant John Haggett

## DECLARATION OF MEGHAN K. HIGGINS

I, Meghan K. Higgins, declare as follows:

1. I am a Deputy City Attorney for the City and County of San Francisco. I am counsel of record for Defendant John Haggett in this case. Unless otherwise indicated, I have personal knowledge of the facts set forth below.

2. The complaint and summons were served on Defendant Haggett on April 16, 2008.

3. Defendant Haggett answered the complaint on May 6, 2008.

4. The Court's Order of Service, dated March 5, 2008, ordered defendant to file a dispositive motion within thirty days of service of the complaint. Accordingly the deadline for such a motion is now June 2, 2008.

5. I have formed the preliminary opinion that this case may be resolved by a dispositive motion once I have gathered information on the plaintiff's claim.

6. However, I need to acquire more information by obtaining copies of plaintiff's arrest records and other documents and interviewing possible witnesses. It will also likely be necessary to obtain declarations from defendant Haggett and other witnesses to the incident. I anticipate that it will take at least 2 months to prepare a dispositive motion in this case.

7. Because this Court has ordered that defendant file a dispositive motion within thirty days of filing its answer, defendant is seeking an enlargement of time through the accompanying "Defendant San Francisco Sheriff's Department's Motion for Enlargement of Time to File a Dispositive Motion." The motion for enlargement of time must be heard on shortened time because there is insufficient time before the Court's June 5, 2008 deadline to file a noticed motion.

8. On May 16, 2008 I called plaintiff at the telephone number he provided. I left him a message explaining that I represent Defendant Haggett and requesting a sixty day extension to file a dispositive motion. I asked him to return my call. I have not received a response from Plaintiff.

9. I am unable to obtain a written stipulation to an extension because I cannot reach Plaintiff by telephone.

1
2    I declare under penalty of perjury under the laws of the United States that the foregoing is true
3 and correct. Executed May 21, 2008 at San Francisco, California.
4
5                                            /s/ ___ _____
6                                            MEGHAN K. HIGGINS
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I, ANNA BURCIAGA, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On May 21, 2008, I served the following document(s):

DEFENDANT HAGGETT'S MOTION FOR ENLARGEMENT OF TIME TO FILE A MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MEGHAN K. HIGGINS IN SUPPORT THEREOF

on the following persons at the locations specified:

Oscar Betancourt
3173 26th Street
San Francisco, CA 94103
Telephone (415) 643-5155

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached** or ☐ **will be filed separately with the court.**

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached** or ☐ **will be filed separately with the court**.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed May 21, 2008, at San Francisco, California.

/s/ _____
ANNA BURCIAGA