DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3896
Facsimile:    (415) 554-3837
E-Mail:       Meghan.Higgins@sfgov.org

Attorneys for Defendant
JOHN HAGGETT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WALTER BROOKS, | Case No. C 07-02615 SBA (PR) |
|---|---|
| Plaintiff, | DEFENDANT HAGGETT'S OPPOSITION TO PLAINTIFF'S MOTION TO REQUEST PITCHES MOTION |
| vs. | |
| SAN FRANCISCO POLICE DEPARTMENT SERGEANT HAGGETT, Badge # 16, | Date Action filed:    January 10, 2007<br>Trial Date:    Not set |
| Defendant. | |

## INTRODUCTION

Defendant City and County of San Francisco files this opposition to Pro Se Plaintiff Walter Brooks' Pitches [sic] motion for discovery of defendant John Haggett's peace officer personnel records. This motion should be denied for two reasons. First, Plaintiff should attempt to obtain relevant information through the appropriate discovery devices and not through a state court motion in a federal case. Second, Sergeant Haggett's personnel records are totally irrelevant and therefore not discoverable where, as here, Plaintiff has no claim against the San Francisco Police Department or any other claim to which Sergeant Haggett's highly private personnel records would be relevant.

**BACKGROUND**

On June 18, 2008, Plaintiff filed with this Court his interrogatories to the City. Attached to those interrogatories was a document titled "Motion to Request Pitches Motion On San Francisco Police Department Sargent [sic] Haggett Badge # 16." That document requested that the Court request production from defendant of "personel [sic] records, citizen complaint records, complete supervisory repremand [sic] records, and all records of past and presently pending (office of citizen complaints) records relating to any form of demonstrated or suspected abuse of excessive force, or officer abuse of authority, or officer misconduct. This request is made under the authority granted by Pitches Motion, for the aforementioned items to be provided on San Francisco Police Department Sargent Haggett, Badge # 16."

**ARGUMENT**

Plaintiff, through both this Pitchess motion and the discovery requests served concurrently with that motion, attempts to establish his case by requesting any information on any type of suspected misconduct or allegation against defendant Sergeant John Haggett. Plaintiff obviously hopes to obtain this information to establish through inference his otherwise meritless case against Sergeant Haggett. The Court should not permit him to do so. First, Plaintiff may obtain information relevant to his claim through the procedural devices applicable in federal court, and should not be using a state court motion that is totally inapplicable. Second, the Court has stricken all allegations from Plaintiff's complaint other than the one allegation of excessive force against Sergeant Haggett. Because Plaintiff no longer has a claim requiring that he establish a policy or practice on the part of the City to train or supervise defendant, any other misconduct or allegations against Sergeant Haggett are irrelevant and useful only as character evidence which would be inadmissible under Federal Rule of Evidence 404(b).

**I.    PLAINTIFF SHOULD SEEK DISCOVERY THROUGH THE DEVICES PROVIDED BY RULES 33 AND 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Plaintiff has attached a document entitled "Pitches motion" to his interrogatories and filed them with this Court. Defendant feels compelled to reply to this motion despite the fact that it has not been noticed or otherwise filed properly with the Court. The Court should deny this motion.

A "Pitches motion" is a state court motion that provides an avenue of obtaining peace officer personnel records.  In *Pitchess v. Supeiror Court*, 11 Cal. 3d 531 (1974), the California Supreme Court held that a criminal defendant had "a limited right to discovery of peace officer personnel records in order to ensure a fair trial and an intelligent defense in light of all relevant and reasonably accessible information."  *Chambers v. Superior Court*, 42 Cal. 4th 673, 679 (2007).  The Pitchess motion was subsequently codified in California Evidence Code §§ 1043-1045.  A party seeking that information must include informaton including affidavits showing "good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records."  Cal. Evidence Code § 1043(b)(3).  Here, Plaintiff has clearly failed to comply with any of the requirements of these sections and instead simply requests an enormous amount of highly private and potentially prejudicial information without any justification.

However, even if Plaintiff had filed an adequately supported motion, in a federal case such as this federal privilege law applies and California law does not inform the application of federal privileges.  *See Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (1997).  Plaintiff may use and has used the federal discovery devices codified in Federal Rules of Civil Procedure 33 and 34 to obtain the type of information protected by Evidence Code §1043.  Defendant has responded to Plaintiff's discovery and Plaintiff may attempt to obtain additional information through the meet and confer process or a motion to compel.  At this time, Plaintiff's "Pitches" motion is completely inappropriate.

## II.     THE INFORMATION SOUGHT BY PLAINTIFF IS HIGHLY PREJUDICIAL AND IRRELEVANT.

Plaintiff seeks a large amount of information involving complaints, investigations, and other indicia of the use of force by Defendant without limitation as to time and subject matter.  This information is protected by Sergeant Haggett's privacy rights and a number of applicable privileges, which Defendant has identified in his responses to Plaintiff's interrogatories and request for production.

The sole remaining allegation in Plaintiff's complaint is that Sergeant Haggett used excessive force on him on one occasion following his arrest for burglary.  Any information regarding to investigations of Sergeant Haggett, Sergeant Haggett's personnel files, or other information requested by Plaintiff is completely irrelevant to this issue.  Although some of this information might be relevant if Plaintiff had a *Monell* claim against the City and County of San Francisco, Plaintiff has no such claim.

It is clear that Plaintiff seeks this information solely to raise inferences about Sergeant Haggett's character through evidence of any previous uses of force by Sergeant Haggett.  Use of this type of evidence is explicitly prohibited by Evidence Rule 404(b), and the Court should not permit any such evidence to be discovered or admitted.  The Court should particularly not require production of this material in response to Plaintiff's procedurally improper "Pitches" motion.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's "Pitches" motion.

Dated: July 21, 2008

                    DENNIS J. HERRERA  
                    City Attorney  
                    JOANNE HOEPER  
                    Chief Trial Deputy  
                    MEGHAN K. HIGGINS  
                    Deputy City Attorneys

               By: /s/  
                    MEGHAN K. HIGGINS

                    Attorneys for Defendant  
                    JOHN HAGGETT