1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  MEGHAN K. HIGGINS, State Bar #235685
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3896
6  Facsimile:    (415) 554-3837
   E-Mail:       Meghan.Higgins@sfgov.org

Attorneys for Defendant
JOHN HAGGETT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER BROOKS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SAN FRANCISCO POLICE DEPARTMENT SERGEANT HAGGETT, Badge # 16,<br><br>　　　　Defendant. | Case No. C 07-02615 SBA (PR)<br><br>DEFENDANT HAGGETT'S TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT<br><br>Judge:　　　Hon. Saundra B. Armstrong<br>Hearing Date:　None<br><br>Date Action filed:　　January 10, 2007<br>Trial Date:　　　　　Not set |

**INTRODUCTION**

Defendant John Haggett files this motion to dismiss or, in the alternative, for summary judgment in response to Plaintiff Walter Brooks' action against him for use of excessive force under the Eighth Amendment. Plaintiff's case is governed by the Prison Litigation Reform Act, and his claims were reviewed by the Court prior to service of the complaint on Defendant. Following the

1  Court's review, the sole cause of action in Plaintiff's complaint is an Excessive Force Allegation for
2  an incident on March 3, 2007.
3        The Prison Litigation Reform Act mandates that a prisoner must file a prison grievance and
4  exhaust his appeals of that grievance before filing a civil rights lawsuit in federal court.  Plaintiff was
5  a prisoner at the time he filed this lawsuit, and it is governed by the PLRA.  Plaintiff never filed a
6  prison grievance concerning these allegations.  Therefore his complaint must be dismissed with
7  prejudice.
8        In the alternative, the Court should grant summary judgment on Plaintiff's single allegation,
9  which he brings under the Eighth Amendment for cruel and unusual punishment.  It is undisputed that
10 Plaintiff was not a convicted prisoner at the time the allegations in his complaint occurred, and
11 therefore Plaintiff does not have a cause of action under the Eighth Amendment.  Even if Plaintiff did
12 have such a cause of action, the undisputed facts show that Defendant Haggett did not use any force
13 on Plaintiff.  Sergeant Haggett is therefore entitled to dismissal or judgment on Plaintiff's complaint.

## BACKGROUND

**I.  FACTUAL BACKGROUND.**

On March 3, 2007, San Francisco Police Officers Kevin Lee and Glenn Sherry received a report of suspected auto burglary. Declaration of Glenn Sherry ("Sherry Decl."), ¶ 2. The officers responded to the scene and arrested Plaintiff Walter Brooks on charges of vehicle burglary, receiving stolen property, and possession of a controlled substance. Declaration of Kevin Lee ("Lee Decl."), ¶ 2; Sherry Decl., ¶ 3.  Plaintiff was transported to Southern Station. *Id*. There, Officer Lee placed Plaintiff in a holding cell, searched him, and handcuffed him to a bench. Lee Decl., ¶ 3.  Plaintiff gave the officers a false name and they were unable to identify him for approximately forty-five minutes. Sherry Decl., ¶ 3. Defendant, Sergeant John Haggett, was present at Southern Station with four arrestees he had brought in on charges related to attempted murder after engaging in a car chase with them. Declaration of John Haggett ("Haggett Decl."), ¶ 2, 3.  Sergeant Haggett instructed Officers Lee and Sherry to identify Plaintiff using the PID machine, which is an inkless fingerprint tracking system. Haggett Decl., ¶¶ 4, 5. Sergeant Haggett assisted the Officers in fingerprinting

1  Plaintiff because neither Officer was trained to use the PID machine. Lee Decl., ¶ 4; Sherry Decl., ¶
2  4; Haggett Decl., ¶ 6.
3      Officer Lee brought Plaintiff from the holding cell to the PID machine. Lee Decl., ¶ 6; Sherry
4  Decl., ¶ 5; Haggett Decl., ¶ 7. Officer Lee and Sergeant Haggett were both present while the PID
5  machine was in use. Lee Decl., ¶ 7. Sergeant Haggett applied Plaintiff's right index finger to the PID
6  machine and took his fingerprint. Haggett Decl., ¶ 8. Sergeant Haggett did not bend Plaintiff's finger
7  in an awkward manner or cause him any kind of pain while taking his fingerprint. *Id*. Sergeant
8  Haggett also did not use any force on Plaintiff while taking his fingerprint. Lee Decl., ¶ 7. The PID
9  machine identified the Plaintiff as Walter Brooks and Officer Sherry ran Plaintiff's name and found
10  that he was a parolee at large. Sherry Decl., ¶¶ 6, 7. Officer Lee returned Plaintiff to the holding cell.
11  Lee Decl., ¶ 8; Haggett Decl., ¶ 9.
12      Sergeant Haggett did not come close to the holding cell was not around Plaintiff at any time
13  other than when the PID machine was being used to identify him as Walter Brooks. Lee Decl., ¶ 9;
14  Sherry Decl., ¶ 9; Haggett Decl., ¶ 10. Sergeant Haggett did not use any force on Plaintiff at any
15  time. Lee Decl., ¶ 7; Haggett Decl., ¶ 11. Sergeant Haggett did not punch Plaintiff in the head or
16  step on his foot. Haggett Decl., ¶ 11.
17      After Plaintiff had been identified, Officer Sherry filled out a booking card for Plaintiff and
18  processed him. Sherry Decl., ¶ 10. Eventually, Officers Lee and Sherry walked Plaintiff to County
19  Jail # 9. Lee Decl., ¶ 10; Sherry Decl., ¶ 10. At no time did Plaintiff make any complaints of injuries
20  to either Officer. Lee Decl., ¶10; Sherry Decl., ¶ 11.
21  **II.    PROCEDURAL BACKGROUND.**
22      On July 5, 2007, Plaintiff Walter Brooks filed an amended complaint, which is the operative
23  complaint in this action, naming as defendants Heather Fong, the Chief of the San Francisco Police
24  Department, and Sergeant John Haggett of the San Francisco Police Department. *See* Declaration of
25  Meghan Higgins ("Higgins Decl."), Exhibit A. In his complaint, Plaintiff alleged that he had
26  complied with the administrative exhaustion requirement of the PLRA by filing a government claim
27  against the City and County of San Francisco. *Id*.; Exhibit B. At the time his complaint was filed,
28

Plaintiff was an inmate in San Quentin State Prison. *Id*. Accordingly, his complaint is governed by the PLRA. 42 U.S.C. § 1997e(a).

On March 5, 2008, the Court issued an order of service identifying the cognizable claims in Plaintiff's complaint. The order of service struck all of Plaintiff's claims except his allegation of physical force against Sergeant Haggett for the events of March 3, 2007. Plaintiff's cause of action against Sergeant Haggett alleges that while he was in custody at Southern Station on March 3, 2007, between the hours of 2:00 a.m. and 4:30 a.m., he was subjected to excessive force, which violated his rights under the Eighth Amendment. Plaintiff alleges that defendant Sergeant John Haggett bent his right index finger in an awkward position, causing extreme pain. Plaintiff also alleges that Defendant Haggett stepped on his right foot without provocation, and punched him in the head more than once. Plaintiff seeks an award of $300,000.

## ARGUMENT

### I. THE COURT SHOULD GRANT DEFENDANT'S MOTION TO DISMISS BECAUSE PLAINTIFF FAILED TO EXHAUST AS REQUIRED BY THE PLRA.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 532. The Supreme Court has made clear that the PLRA replaced the "'general rule of non-exhaustion' with a general rule of exhaustion." *Porter*, 122 S.Ct. at 989 n. 4.

Nonexhaustion under § 1997e(a) is a defense to a civil rights action and should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. An inmate's action must be dismissed unless the inmate exhausted available administrative remedies before he filed suit, even if the inmate fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). If the court concludes that the prisoner has not exhausted the appropriate administrative process, the proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1120.

Here, Plaintiff's Complaint alleges that there is a grievance procedure in San Quentin, his place of confinement at the time he brought suit, and that he presented the facts in his complaint for review through the grievance procedure. *See* Higgins Decl., Exhibit A. However, Plaintiff identifies his filing of a claim against the City and County of San Francisco as the means of satisfying that grievance requirement. *Id*.

Filing a government claim with the City under the California Government Claims Act does not satisfy the PLRA's grievance filing and exhaustion requirement. Instead, "the PLRA requires a prisoner to exhaust the prison's *internal* grievance process." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1062 (9th Cir. 2007) (emphasis added). Prisoners who file a government claim form must separately file a prison grievance and exhaust their administrative appeals before filing an action in federal court. *See Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 923 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules-rules that are defined ... by the prison grievance process itself." (citation and internal quotation marks omitted)).

Here, Brooks has not provided any appropriate grievance form along with his Complaint, and the Complaint suggests that the only step Brooks took to exhaust his administrative remedies was to file a government claim against the City and County of San Francisco. Defendant has been unable to locate any record of any grievance form that was filed related to the incident alleged in the Complaint. *See* Higgins Decl., ¶ 3. Plaintiff's filing of a claim against the City and County of San

Francisco is not compliance with San Quentin's internal grievance review process. By filing that claim, Plaintiff proceeded directly onto his attempt to recover money from the City and County of San Francisco from an external source rather than pursuing the channels for relief within San Quentin. Accordingly, the Court should dismiss the Complaint because Plaintiff has failed to properly exhaust his excessive force claim.

## II. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BECAUSE THERE WAS NO VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS.

### A. The Summary Judgment Standard.

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. Proc. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Material facts, which would preclude the entry of summary judgment, are those that, under the applicable substantive law, may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there is no material factual dispute. *Celotex*, 477 U.S. at 324. However, where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that there is no material factual dispute by demonstrating that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Summary judgment must be granted if defendant "show[s] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The moving party is not required to produce evidence showing the absence of a material fact on such issues, nor must the moving party support its motion with evidence negating the non-moving party's claim. *Id.* If the moving party shows an absence of evidence to support the non-moving party's claim, the burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). A failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial. *Celotex*, 477 U.S. at 323.

Brooks v. Haggett
C07-02615 SBA (PR)                          6                    n:\lit\li2008\081050\00499854.doc

### B. Based On The Undisputed Facts, Plaintiff's Cause Of Action Under The Eighth Amendment Fails As A Matter Of Law

Plaintiff's sole remaining allegation is that his rights under the Eighth Amendment were violated by Defendant Haggett's actions. However, the undisputed facts show that the Eighth Amendment did not apply to Plaintiff at the time of his allegations as he had just been arrested and he had not been convicted and sentenced at the time of the alleged incident. Therefore, Defendant is entitled to summary judgment on this claim.

Based on the undisputed facts, the Eighth Amendment does not apply to Plaintiff's allegations as a matter of law. The Eighth Amendment's prohibition against cruel and unusual punishment applies only *after* conviction and sentence. *Graham v. Connor*, 490 U.S. 386, 393 & n. 6 (1989) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977)). Pretrial detainees "are not convicted prisoners." *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir.1996). Therefore, pretrial detainees are accorded no rights under the Eighth Amendment. All possible factual bases for plaintiff's cause of action, however, relate to an incident that occurred *before* plaintiff was ever convicted or sentenced. Plaintiff alleges that he was subjected to a use of force by Sergeant Haggett at Southern Station after he had been arrested, but before he had been booked and processed. Therefore, plaintiff's cause of action under the Eighth Amendment fails as a matter of law. *See also Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Defendant is accordingly entitled to summary judgment on Plaintiff's sole remaining allegation.

### C. There Was No Violation of Plaintiff's Eighth Amendment Rights.

Even if the Eighth Amendment did apply to Plaintiff's claims, the undisputed facts show that Plaintiff's rights under the Eighth Amendment were not violated. When prison officials are accused of using excessive force against a prisoner, the inquiry is whether force was applied in a "good faith effort to maintain or restore discipline," or rather "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)); *Jeffers v. Gomez*, 267 F.3d 895, 912-13 (9th Cir. 2001). To establish liability for the use of force under the Eighth Amendment, a prisoner plaintiff must demonstrate the use of "malicious and sadistic force, not merely objectively unreasonable force." *Clement v. Gomez*, 298

1  F.3d 898, 903 (9th Cir. 2002).  This application of force must result in "unnecessary and wanton

2  infliction of pain."  *Whitley*, 475 U.S. at 319.

3       In making the determination whether force was applied "maliciously and sadistically for the

4  very purpose of causing harm," the Court may evaluate the need for application of force, the

5  relationship between that need and the amount of force used, the extent of any injury inflicted, the

6  threat reasonably perceived by the responsible officials, and any efforts made to temper the severity

7  of a forceful response.  *Hudson,* 503 U.S. at 7; *see also Marquez v. Gutierrez*, 322 F.3d 689, 692 (9th

8  Cir. 2003) (enumerating same factors).

9       In this case, Plaintiff alleges Defendant pulled his finger backward, punched him in the head,

10  and stepped on his foot.  However, the accounts of the San Francisco Police Officers present at the

11  time of Plaintiff's allegations are consistent that Sergeant Haggett did not use any force on Plaintiff

12  and did not enter the holding cell where he had been handcuffed.  *See* Lee Decl., ¶ 7; Sherry Decl., ¶

13  9; Haggett Decl., ¶¶ 10, 11. Although Defendant did apply Plaintiff's finger to the PID machine to

14  take its print, he did not bend that finger and he did not punch, kick, or use any other force on

15  Plaintiff.  Haggett Decl., ¶¶ 8, 11.

16       Even if the evidence supported Plaintiff's allegations, it is doubtful whether a constitutional

17  violation occurred because there is no allegation that Plaintiff sustained any injury as a result of the

18  alleged force.  Plaintiff did not allege that he sustained any injury from the incident in his complaint,

19  and the undisputed facts show that Plaintiff did not complain of any injury following the alleged

20  incident.  *See* Lee Decl., ¶ 10; Sherry Decl., ¶ 11.  This clearly does not amount to a "malicious and

21  sadistic" use of force by defendant.

22       There is no evidence that Defendant used any force on Plaintiff while he was an arrestee at

23  Southern Station.  Plaintiff does not allege that he sustained any injuries whatsoever as a result of the

24  incident he complains of.  This Court should grant summary judgment in favor of defendant on

25  plaintiff's excessive force claim.

## CONCLUSION

27  For all of the foregoing reasons, defendant John Haggett respectfully requests that the Court

28  grant the motion to dismiss because plaintiff has not exhausted the requisite administrative remedies.

1  In the alternative, defendant requests that the Court grant the motion for summary judgment because
2  Plaintiff's allegation under the Eighth Amendment fails as a matter of law.  If the Court rules that the
3  Eighth Amendment does apply, Defendant respectfully requests that the Court grant summary
4  judgment because there is no evidence that Defendant used excessive force on Plaintiff at any time.

6  Dated:  August 1, 2008

                    DENNIS J. HERRERA
                    City Attorney
                    JOANNE HOEPER
                    Chief Trial Deputy
                    MEGHAN K. HIGGINS
                    Deputy City Attorneys

                By:  /s/
                    MEGHAN K. HIGGINS

                    Attorneys for Defendant
                    JOHN HAGGETT