Walter Brooks V23996
San Quentin State Prison
San Quentin, CA 94974
(Pro Se)



**FILED**

SEP 1 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER BROOKS, | Case No. C 07-02615 SBA (PR) |
| Plaintiff, | Plantiff Opposition to Defendants Motion to Dismiss or Summery Judgement In The alternative; With Memorandum of Points and Authorities. |
| vs. | |
| SAN FRANCISCO POLICE DEPARTMENT SERGEANT HAGGETT, Badge # 16, | |
| Defendant. | |

Hearing Judge: Hon. S.B. Armstrong
Place        : Courtroom 3, 3rd Floor
Civil L.R.   : 7-1,7-2, 7-3(a) 7-4(a)
Date action Filed: July 5, 2007
Hearing Date: Not Set

# INTRODUCTION

Plantiff Seeks to have the Court Deny Defendants motion to Dismiss or Summery Judgement In the alternative, because the Defendant Contends that the Plantiff has to exhaust Administrative remidies a second time when Filing a Amended Complaint. However, this is not necessary at all. So Plantiff request that Defendants motion to Dismiss or Summery Judgement In the alternative be Denied as a matter of Law, With Prejudice.

# Table of Contents

| | PAGE No. |
|---|---|
| Introduction | 1-2 |
| Statement of Facts | 2-4 |
| Statement of Issues to be decided | 5-7 |
| Standard of Law motion to dismiss | 8 |
| Standard of Law Summery Judgement | 9 |
| Argument | 10-13 |
| Conclusion | 14 |
| Exibits (G),(H),(I), and (J), and (K) | 15-25 |

## AUTHORITIES

Hospital Bld. Co. V. Rex Hospital Trustees, 425 U.S. 738, 740 (1976)

Jenkin V. McKeithen, 375 U.S. 411, 421 Reh's denied, 396 U.S. 869 (1969). Saucier V. Katz, 533 U.S. 194, 202 (2001)

Haines V. Kerner, 404 U.S. 519, 520 (1972)

Hishon V. King & Spaulding, 467, U.S. 69, 73 (1984); (Citing) Conley V. Gibson, 355 U.S. 41, 45, 46 (1957)

Palmer V. Roosevelt Lake Log Owners Assoc, __ U.S. __ 651 F2d 1289, 1294 (9th Cir (1981)

Thomas V. Carter, __ U.S. __ 284 F3d 411, (2 Cir 2002)

Coltex Corp V. Catrett, 477 U.S. 317, 322, 91 L.ED. 2d 265, 106 S.Ct. 254 (1986)

Avila V. Travlers Ins. Co. , __U.S.__ 651 F2d 658 660 (9th Cir). Belt Travel Service V. International air transport Assoc, __U.S.__ 620 Fd 1360, 1364 (9th Cir 1981) (9th Cir 1987). Monroe V. Pape, 365 U.S. 167 (1961)

Gibson V. United States, __U.S.__ 781 F2d 1334, 1338 (9th Cir 1986). Helling V. McKinney, 509 U.S. 25, 31, (1993). Prison Litigation reform Act 42 U.S.C. § 1997 (e)

San Francisco Sheriff Department Policies and Procedures.

Plantiff is a State Prisoner, Proceeding In this action as a Indigent (Pro Se) litigant, In Forma Paupis. Plantiff has Claimed his Eighth Amendment rights, to be Free of Cruel and Unusual Punishment, Were Violated. By San Francisco Police Department Sergent John Haggett Badge#16 Unconstitutional Use of Excessive Force. In the Form OF: Bending Plantiffs right Index Finger; stepping on Plantiffs Right Foot; and Punching Plantiff With a Closed Fist, Without Provocation, Deleberetly Indifferent, to Exsposing Plontiff to Sadistic, and Malicous, Wanton Punishment. In Violation of Plantiffs Clearly Established Constitutional rights. Under the Eighth Amendment. at San Francisco Police De-Partment, Southern Station. On march 3, 2007.

Statement OF FACTS:

1) On march 3, 2007 Between 2 - 4:50 AM While Excercising my miranda rights to remain Silent. After I had been apprehended Charged and Iden Tified at the PID Computer While Still Standing the Defendant San Francisco Police Department Sergent John Haggett asked me "are You A P.A.L." 3) I remained Still and Silent and defendant John Haggett bent my right Index Finger In a Unusual Position Causing extreme Pain In a attempt to get me to Awnser his Question. 4) I pulled my Hand back from this assult and Defendant asked Officer "Kevin Lee" Are We Cuffing the Guy or What? 5) Plantiff Was recuffed by Officer Kevin Lee and returned to the Holding Cell and Handcuffed next to A (Hispanic Man) Who Was In Jail For allegedly Shooting at Sergent John Haggett. 6) two - Three minutes Passed When Defendant John Haggett entered the Holding Cell Walked directley to me and With Provocation Stepped on my right Foot deleberetly Indifferent to Inflicting Sadistic and malicious Wanton Punishment. 7) I remained

See Brooks Decl.

See Haggett Decl.

See Brooks Decl. 9

Still and Silent as Defendant Haggett Stood over
me Defendant Haggett asked "are you a P.A.L."
I remained Still and Silent Defendant Haggett
deleberatly Indifferent to my safty or risk of
Injury without Provocation used a Closed Fist and
Struck me In the HEAD on my Right Side. I re-
mained Still and Silent. 8.) Defendant Haggett asked
again "are you a PAL" I remained Still and Silent
and without Provocation deleberetly Indifferent to
my Safty Defendant Haggett useing a Closed Fist
Socked me High on my Right Side of my For-
ehead I remained Still and Silent 9.) as Defendant
Haggett remained Standing over me Defendant Haggett
asked me "Where Do you live" I remained Still
and Silent and without Provocation DELIBERATLY INDIFRENT
to violating my civil rights Defendant Haggett
Punched me In the nose useing a Closed Fist.
I Screamed From the Pain and awnsered "I'm
Homeless" 10.) Defendant moved From Standing over
me and Defendant Haggett Stated "now that was
not hard was it" I remained Still and Silent. 11.)
as Defendant Haggett was leaving the Holding Cell He   See Brooks Decl
Stated "your a Child molester the lowest of the low" I
remained Still and Silent. 12.) Defendant Haggett
then Stated to the (Hispanic Attempted murder
suspect)" He's a child molester the lowest of the
Law you Should be takening Care of Him"
the (Hispanic Attempted murder suspect) remained still
and Silent and So did I as Defendant Haggett left
the Holding Cell. 13.) After Defendant Haggett Closed
the Holding Cell Door I Said to (VADIM marmer)
I need you to be a witness to what Just
Happend I'm going to File charges against that
guy" 14.) (VADIM MARmer) Said "OK" and recited
His Cell Phone number to me (415-724-7082)
See Brooks Declaration.

15.) later upon arriving at County Jail #9 on 3-3-07 During medical Screening by Prison Health Services I asked PHS Worker (Chris) did he see anything wrong with my Face He said he saw a "BUMP" I said I Want him to Document the Injury and that I had recieved the Injury at the hands of Defendant Haggett. 16.) I asked (Chris) Could I see a pen and Paper so I could write my Witness Phone number down. (Chris) let me use his Pen and We Continued my medical Intake Screening.

17.) later, me and the (Hispanic Attempted murder Suspect) were taken to County Jail #1 together and while We were In the C.J.#1 Front Office holding I asked the (Hispanic Attempted murder Suspect) Would he be my Witness, to What Defendant Jhon Haggett did He said "Yes, as long as It dosent Interfere With his Case". He gave me his name. See Brooks Decir.

18.) On march 20, 2007 I Filed a San Francisco cont Jail Facility Prisoner Grievance Form relating to Injurys I sustained From the Unprovoked attack by Defendant Haggett; On march 22, 2007 All Administrative appeals availible were Completed.

19.) On 3-22-07 Plantiff Filed a Claim With the City and Canty of San Francisco alleging excessive Force Along With these Injurys: swollen nose, and scratchs this Complaint Was denied 4-24-07.

20.) On 4-3-07 I Filed a Office of Citizen Complaint With the Police Commission Alleging excessive Force alone With these Injurys swollen nose, and abrasions to Forehead. 21.) On may 16, 2007 I Filed a U.S. 42, § 1983 suit. alleging excessive Force; municiple libility; Failure to train; Verbal Harrassment. 21.) on 7-05-07 I Filed Amended Complaint. See Brooks Declaration.

<u>Statement of Issue to be Decided</u>:

1  Defendant Haggett is not entitled to Absolute or Qualified
2  Immunity, or any statutory Division that Protects Defendant
3  Haggett From Judgement being rendered against him.
4  Furthermore, Plantiff has Already exhausted Administrative remedies
5  and does not have to reexhaust when Plantiff Files
6  a amended Complaint.

7  Defendant Haggett is not entitled to a Prevailing Jud-
8  gement When the Facts alleged against Defendant Haggett
9  Shaves Defendant Haggett Was deliberately Indifferent to
10  Plantiffs Clearly established Constitutional rights,
11  of Which a reasonable Officer Would have known Defe-
12  ndant Haggetts alleged conduct Violated. Therefore, Defendant
13  Haggett is not entitled to Prevailing Judgement as a matter
   Of Law or right.

14  <u>Plantiffs Facts (NOT IN DISPUTE</u>
15  1) Kevin Lee; Glen Sherry; John Haggett are San Francisco Police.
16  2) Officers Lee/Sherry Arrested Plantiff. 3) Plantiff Gave False name.
17  4) Defendant Haggett used (PID) to ID Plantiff. 5) After (PID)
18  Officer Lee took Plantiff to holding cell. 6) Plantiff Was
19  taken to Southern Station after arrest. 7) Officers Lee
20  and Sherry Did not use (PID) machine. 8) there Was A
21  Attempted murder Arrestee. 9) I DiD not Att—
22  ache Prison Grivence to Amended Complaint. 10) Def-
23  endant Has been Unable to locate Copy of Prison
24  Grievance. 11) Amended Complaint Was Filed 7/5/07 From San
25  Quentin. 12) Officers Lee/Haggett Were at (PID) machine.
26  13) order of Service Issued 3/5/08. 14) Requirements of
27  Prison Litigation reform Act 42. U.S.C. § 1997(e).

C07-02615 SBA (PR)   Brooks v. Haggett

<u>Facts In Dispute</u> :

1) Plantiff Does not have to reexhaust when he Files Amended complaint under (PLRA) as Defendant Contends. Based on these Facts Defendants motion to Dismiss should be denied as matter of Law.

2) Officer Kevin Lee DiD see Defendant Haggett bend Plantiff Finger at (PID) machine.

3) Defendant Haggett DiD Bend Plantiff Finger at (PID) machine.

4) Defendant Haggett DiD ask was Plantiff (PAL) Parolee At Large.

5) Defendant Haggett DiD have more Interaction With Plantiff then at (PID) machine.

6) Defendant Haggett DiD Cause Plantiff Pain at (PID) machine.

7) After Plantiff and Officer Kevin Lee Struggled at the (PID) machine then Plantiff was returned to holding cell and handcuffed.

8) Defendant Haggett DiD Use Force on Plantiff while taking finger - Print. 9) Defendant Haggett Used excessive Force many times 10) Plantiff In Holding cell and at (PID) machine.

10) Defendant Haggett DiD Step on Plantiffs Foot - Without Provocation.

11) Defendant Haggett Punched Plantiff several times without Provocation In the Head and Face With a Closed Fist.

12) Pretrial Detainees & Parolees are accorded rights under the 8th Amendment. 13) Plantiffs Action under the 8th Amendment dosent Fail as a matter of LAW. 14) Plantiffs rights under the 8th Amendment were Violated by Defendant Haggetts unconstitutional use of excessive force. 15) A violation of Plantiffs clearly established constitutional rights DiD occur. 16) Defendant Haggett DiD enter Holding Cell where Plantiff was and Use excessive Force on Plantiff.

17) Plantiffs allegations DO amount to Sadistic and malicious constitutional use of excessive Force.

18) There is evidence Defendant Haggett Used Force on Plantiff many times. 19) The 8th Amendment did apply to Plantiff at time of allegations

20) The 8th Amendment does apply to Plantiffs allegations as a matter of LAW. 21) Plantiff does have a cause of action under the 8th Amendment. 22) The Facts Do not show Defendant Haggett Use any unconstitutional Excessive Force on Plantiff.

23) Defendant Haggett was around Plantiff Other than at (PID) machine. 24) Plantiff Was A State Parolee at time of alleged Incident on 3/3/07.

25) Plantiff DiD Complain of Injurys after alleged Incident on 3/3/07. 26) Plantiff Does allege that He sustained Injurys as a result of Defendant Haggetts Use of Excessive Force Without Provocation.

27) Declarations of Officers Lee & Sherry are not Concistant With Defendant Haggetts Declaration that He DiD not Use Force excessive or otherwise on Plantiff on 3/3/07.

28) Officers Lee & Sherry Declarations Do not say Defendant Haggett DiD not Use any excessive Force on Plantiff on 3/3/07. 29) Officers Lee & Sherry Declarations Do not say Defendant Haggett DiD Not enter Holding cell and Use excessive Force on Plantiff. 30) Plantiff Brought Suit at San Francisco County Jail on 5/16/07 and this was my Place of Confinement.

31) When Plantiff brought suit on 5/16/07 San Quentin State Prison was not my M Place of Confinement.

; Brooks v. Haggett

32) Plantiff Did exhaust Administrative remidies Prior to the 3/16/07 Filing of Alleged Complaint.

33) Plantiff did not Identify Filing a Claim with City and County of San Francisco do Satisfying (PLRA) Grievance exhaustion Requirment.

34) Plantiff Did not Just File a Claim against the City to exhaust Administrative remidies.

35) Defendants Inability to locate Prison grievance is not evidence Plantiff Failed to exhaust.

36) Plantiff has evidence of Submitted Prison grievance.

37) The San Francisco Sheriffs Department Does not allow Inmates to grieve Issues that took Place outside of County Jails and does not Involve Sheriff Department Personell.

38) Plantiff took more than one step to exhaust than to File a Claim With the City and County of San Francisco.

39) Plantiff Did exhaust Administrative remidies under (PLRA) mandate.

40) The Court Should not Dismiss Plantiffs Complaint because He Has Not Failed to exhaust.

41) Defendant Haggett Did Call Plantiff a child molester In the Presence of Vadime Marmer & the Attempted murder Arrestee

42) Defendant Haggett told Attempted murder Suspect I was a Child molester the lowest of the law and he should be taking Care of me. While In Holding Cell on 3/3/07.

43) Plantiff Did not File a Claim with the City to Proceed to directly recover money.

44) Plantiff Did not Claim he Presented Facts for review at San Quentin, State Prison.

45) Plantiff Persued Administrative relife through the Police Commission, Office of Citizen Complaints. 46) no Grievance copy with Complaint Is not the same as Failed to exhaust. 47) Haggetts Alleged excessive Force Conduct Is a Violation of Constitutional LAW.

48) Defendant Haggetts Conduct was deliberatly Indifferent to the Clearly established rights of Plantiff In the Alleged Complaint.

49) As a Pretrial Detainee Plantiff was Protected by the 5TH Amendment.

50) As a Pretrial Detainee Plantiff was Protected by the 14TH Amendment.

51) The Alleged Conduct of Defendant Haggett Violated Plantiff Clearly established 14TH, 8TH, and 5TH Amendment rights. 52) Defendant Haggett Did Beat Plantiff Without Provocation at Southern Station on 3/3/07. 53) Plantiff Seeks $750,000 In total Damages For Injurys Suffered at the hands of Defendant Haggett. 54) Plantiff Seeks $300,000 Compensatory Damages for Injurys Suffered at the hands of Defendant Haggett. 55) Plantiff Seeks $450,000 In Punitive Damages For Injurys Suffered at the hands of Defendant Haggett.

56) Defendant Haggett Did Beat Plantiff In the Presence of Vadim Marmer and the Attempted murder Suspect In Holding Cell at Southern Station on 3/3/07.

## Standard of Law For Motion to Dismiss:

In Concidering a motion to Dismiss, First It must Clearly Set Forth Which (FeRCivP) Its being based on. A Quantity of arguments, Unrelated to Pursuant rule, In which the motion is based, Should be Stricken. Nevertheless, the Court must accept as true the allegation of the Complaint In Question (the Amended Complaint) Hospital Bld Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976) Construe the Pleding in the light most favorable to the opposing Party and resolve all doubt In the Pleaders Favor. Jenkin V. McKeithen, 375 U.S. 411, 421. Reh'g denied 396 U.S. 869 (1969). Moreover, (Prose) Pleadings are held to a Less Stringent Standard than those drafted by Lawyers. Haines V. Kerner, 404 U.S. 519, 520 (1972)

A Motion to Dismiss For Failure to Exhaust Should not be granted Unless It appears beyond doubt that Plantiff Can Prove no Set Facts In Support of his Opposing Contentions to respondents motion to Dismiss, that Would entitle him to relief.

See Hishon V. King & Spalding, 467 U.S. 69, 73 (1984) (citing) Conley V. Gibson, 355 U.S. 41, 45, 46 (1957); See Also: Palmer V. Roosevelt Lake Log Owners Assoc. —— U.S. ___ 651 F 2d 1289, 1294, (9th Cir 1981)

# Summery Judgement

## Standard of Law

A Summary of the summary Judgement standard Provides that Summary Judgment must Be denied when Genuine Issues of material Facts exist but are in dispute. In many cases, A Failure To Produce evidence To sufficiently negate a motion For Summary Judgment entitles the moving party To Judgment as a matter of Law. Celotex Corp. V. Catrett, 477 U.S. 317, 323, 91 L.Ed. 2d 265, 106 S.Ct. 2548 (1986) which is Not the case Here. And while the Burden of Proof Rest on The moving Party, Belt Travel Service, Inc. V. International Air Transport Assoc. 620 F.2d 1360, 1364 (9th Cir. 1987) the opposing Party must Contradict any Factual assertions in moving Parties affidavits or they will Be accepted as true. Avila V. Traveler's Insurance Co. 651 F.2d 658, 660 (9th Cir)

However, The Failure To Produce evidence sufficient To negate defendants motion For Summary Judgment is no obstacle To Grant Plaintiff's opposition to defendants motion For Summary Judgment in this case Because Plaintiff Has made a sufficient showing as to the vague material Facts in genuine dispute. Defendants are not entitled to Prevail as a matter of law, where there are claims and allegations of Facts which Shows the Violation of A Federally Protected Right. In the action Pending Before the Court, Plaintiff Has Demonstrated the Violation of a Constitutionally Protected Right

Accordingly, under these standards, material Issues of Fact exist which support Plaintiff's Claim and that defendant is Barred From Judgment as a matter of Law

# ARGUMENT: to Judgement, Because

Plaintiff DiD not Fail to exhaust Administrative remidies

## I.

Here respondent Contends When Plaintiff brought Suit his Place of Confinement Was San Quentin State Prison. And the only step Plaintiff Walter Brooks took to exhaust his administrative remidies Was to File a Claim against the City and County of San Francisco In attempt to recover Money For his Alleged excessive Force Complaint. respondents base these Contentions on the Fact that they have been unable to locate any evidence of Plaintiff Filing a Prison Grievance. ALSO Defendant Contends that Plaintiff has to reexhaust his Administrative remidies a (Second time) When Filing a amended Complaint.

Plaintiff Contends the Defendants Inability to locate A Copy of Plaintiffs Prison grievance IS not the same as Plaintiff has Failed to exhaust. Furthermore the respondent has not sub-mitted any Facts or evidence that Would Warrent the Court to Dismiss Plaintiffs excessive Force Complaint For Failure to exhaust.

moreover, Plaintiffs exibits (G, J and K) SuPPort Plaintiff Contentions that when he brought Suit his Place of Confinement Was at the San Francisco County Jail #1 and according to the San Francisco Sheriff Department Grievance Policy does not Allow Inmates to Grieve Incidents that happend outside of County jails and that did not Involve Sheriff Personel. (See Exibit K) However Plaintiff did File a Prison Grievance relating to the march 3,107 Alleged Inci-dent of excessive Force, not to seck Money but to seck Medical treatment For Injuries sustained From Alleged 3/3/07 Incident. (See exibit G, J). This Grievance Was Filed Prior to the May 16, 2007 Initial Commencement of Action Filing date (reconized under FRCivP(3), Civil L.R. (3-2 Cb)). Also the Plaintiff Contends In Concidering San Francisco Sheriff Policy Plaintiff Filed a Ad-ministrative Complaint With the Police Comission, Office of Citizen Complaints, that Was the only Form of Administrative remidie abailible at Plaintiffs Place of Confinement Prior to the May 16, 2007 Initial Commencement of action Filing. (See exibit I).

Wherefore Its Plaintiffs Contentions that he has made every attempt to exhaust and did exhaust his administrative remidies Prior to Initial Filing, and does not need to reexhaust, When Filing a Amended Complaint As the respondent Contends. See Brooks Decl.

Wherefore respondents Inability to locate evidence of Plaintiff Filing a Administrative Grievance is not the same as Plaintiff Failed to exhaust. However, the Plaintiff has made SuFFicient Showing, of Facts and evidence to SuPPort his oPPosing Contentions, that he did not Fail to exhaust. thus entitleing Plaintiff to a Prevailing Judgement, as a matter of LAW. While Denying Defendants Motion to Dismiss or Summery Ju-dgement In the alternative, as A matter of LAW.

II.

Defendants not entitled to Summary
Judgement Because Plaintiffs Action
Does not Fail as a matter
Of LAW Under the Eighth Amendment

A.

Here respondent contends that Plaintff Walter Brooks
Was not a convicted and Sentenced Person at the
time of the Alleged excessive Force Complaint on
March 5, 2007 therefore Contending the Eighth Amendment
did not apply to the Plaintiff at the time of his
unconstitutional use of Excessive Force Allegations.

Plaintiff Walter Brooks contends the respondents
Contentions (regarding lines (1-18) on Page (7) of
respondents motion to Dismiss or Summary Judgement
In alternative are Ridiculous. Anytime a employee
of the State or local Government acts under color
of authority and abuse that authority that
Person is In Violation of the Eighth Amendment
Monroe v. Pape, 365 U.S. 167 (1961); Gibson
v. United States, ___ U.S. ___ 781 F 2d 1334
1338 (9th Cir. 1986)
In this case a unconstitutional use of Excessive Force
is alleged. Futhermore the Eighth Amendment Doesn't give
More Protection For Convicted and Sentenced Prisoners or
Persons and less Protection For a non-convicted or
Sentenced Person. Moreover, at the time of the
alleged unconstitutional use of Excessive Force alteration
Plantiff Was a "State Parolee" being held on a State
"Parolee At Large" Warrant by San Francisco Police
Department under (3056 Parole Hold P.C.) Making
Plantiff a State Prisoner enroute to State
Prison. See Plantiff Exibit (A) In (Amended Complaint). Further—
see Brooks decl
More, Defendant Haggett did Violate Plantiffs Eighth Amendment
rights When he acted With deliberate Indifference to a
Situation that exsposes Plantiff to a Unreasonable risk to
Serious harm. Helling v. McKinney, 509 U.S. 25, 33
(1993) In this case the Alleged unconstitutional use of Excessive
Force Does not fail as a matter of Law under 8th Amdmt.
Wherefore, Judgement Should be rendered In the favor
of the Plantiff, because he has made a sufficient showing,
of Material Fact In genuine Dispute. Therefore the Defendant is
not entitled to a Prevailing Judgement as matter of LAW or right,
Where Plantiff is entitled to a Trial by Jury.

**B.** Defendant is not entitled to Summery Judgement Because Declations of Officers is not Consistant With Defendants Contentions They support His Side.

Here, respondents contend the accounts of the San Francisco Police officers Present at the time of the Plantiffs allegations are Consistant that Sergent Haggett DID NOT USE any Force on Plantiff and Defendant Haggett DID not enter the holding Cell where Plantiff Was handcuffed. respondent also Contends Plantiff DID not Complain of any Injury From the alleged Unconstitutional Use of Excessive Force and For this reason It IS doubtfull A Constitutional Violation occured.

Here, the Plantiff Contends the Declaration of officer (Glenn Sherry) on Page(2) lines(15-16) Declares "I Do not believe that Defendant Haggett ever came Close to the Holding Cell where Mr Brooks was Hand-Cuffed"; "I DiD not See Defendant Haggett Interact with Mr. Brooks". This is not the Same as Defendant DID not Use any Force on Plantiff nor is It the Same as Defendant Haggett DID not enter the Holding cell where Plantiff Was Handcuffed. The Same goes For officer(Kevin Lee) His Declaration, Declares on Page(2) lines(9-10) I DiD not See Defendant Use any Force on Plantiff; on line(13) Lee states "I DiD not See Defendant Haggett around the Plantiff at anytime other than while he Was assisting my Partner and I of the PID Machine to Identify him". This is not the Same as Defendant Haggett DID not Use any Force on Plantiff nor is It the Same as Defendant Haggett DID Not enter the Holding cell. Naither(officer Lee) or (officer)-(Sherry) Has Declared Defendant Haggett DID not Use any Force or Defendant Haggett DID not enter Holding Cell where Plantiff was handcuffed as respondent Contends. Therefore, showing a lack of Consistency between the officers Present Declarations, and the Defendants Contentions, regarding Plantiffs allegations of Unconstitutional Use of excessive Force on march 3, 2007. as well as, a Stark Contrast to Defendants Declaration.

Showing that their is a genuine issue to material Fact and the Defendant is not entitled to Judgement as a matter of Law or right, because Defendant Haggett did use unconstitutional excessive Force on Plantiff as alleged on march 3, 2007 at San Francisco Police Department Southern Station Holding Cell. See Brooks Decl.

C.    Defendant is not entitled to Summery Judgement because Plantiff need not show Significant Injury and constitutional violation dosent Have to involve Physical Injury.

Respondent also contends Plantiff Did not Complain of any Injurys. this in not the same as plantiff did not recieve any Injurys or that Injurys Did not occur nor is it the Same that, a Constitutional Violation did not occur From the alleged unconstitutional Use of Force. moreover Plantiff contends He need not show Significant Injury and any Constitutional Violation that dosent involve Physical Injury is a mental or emotional Injury Thomas V. Carter, __ U.S. __ 284 F.3d. 411 (2 Cir 2002) Futhermore the conduct Plantiff alleged, would be clear to a reasonable officer, was unlawful based on the Situation that confranted Defendant Haggett. Saucier V. Katz, 533. U.S. 194, 202 (2001)

However, Plantiff Contends He Did Complain of Injurys after alleged Incident on march 3, 2007 See Plantiff Declaration and Exibits (G), (H), and (I). Futhermore, Plantiffs exibit (C) shows Injurys Plantiff Sustained from the alleged Unconstitutional Use of Excessive Force, from the march 3, 2007 Incident. Futhermore, Plantiff contends a Constitutional Violation did occur and Defendant Haggett Violated Plantiffs Eighth Amendment, Through Excessive Force, In the Form of Bending Plantiff Finger, Stepping on his Foot, and Punching In the Face Several times deliberatly Indifferent to Plantiff constitutional rights, Without Provocation, Injuring Plantiffs nose, forehead and Face.

Wherefore, Defendant has Failed to present Facts or evidence to sufficiently support their legal Contentions. Wherefore Plantiff has presented Facts and evidence to support his contentions In opposition, therefore making a Sufficient Showing of material Facts In genuine dispute and Its for these reasons Defendant Should not prevail and Judgement Should be rendered In favor of the Plantiff as a matter of Law.

## Conclusion:

Defendant is not entitled to Judgement because Plaintiff has made a sufficient showing as to the material facts in genuine dispute. Defendant is not entitled to prevail as a matter of Law. Wherefore Plaintiff is entitled to Judgement and A trial by jury.

Here, Defendant presented frivolous failure to exhaust contentions, frivolous contentions that Plaintiff was not protected under the Eighth Amendment, frivolous contentions that their was no violation of Plaintiffs Eighth Amendment rights, and equally frivolous contentions that the officers present story is concistent with the Defendants story that He Did not use any force.

Also frivolously contending Plaintiff Did not complain of any injuries, and the only step Plaintiff took to exhaust was to file a claim with the City and County of San Francisco In a attempt to get money, adding Insult to Injury.

Plaintiff Contends, Defendant has not presented any evidence or facts that sufficiently show that their is no genuine issue to material fact. Where Plaintiff, has presented abundant facts and evidence to support his contentions making a sufficient showing as to the genuine issue of material facts In dispute, entitling Plaintiff to Judgement, and trial by Jury.

Wherefore, the Plaintiff Contends the Defendant has not made a sufficient showing as to the absence of genuine issue of material facts to warrent the court to render Judgement In Defendants favor. Where the Plaintiff has made sufficient showing as to material facts In genuine dispute. Therefore, Judgement should be rendered In favor of the Plaintiff as a matter of Law and Defendants motion to dismiss or summery Judgement In the alternative be Denied.

Plaintiff Declares under penalty of perjury that the foregoing is true and correct based on my personel knowledge and what is not of my personel knowledge I declare to be true based on Information and belief.

9/10/08    Walter Brooks
(Pro Per)

14 of 25

# EXHIBIT (G)

# San Francisco County Jail Facility
## Prisoner Grievance Form

| Type of Grievance (Place an X in the corresponding category) | | Date / Time: | 3/30/07 1010 HB |
|---|---|---|---|
| | | Facility: | CJ#1 |
| _____ Classification | _✓_ Jail Medical Services | Deputy / Star# | AL-GHANI #1576 |
| _____ Psych Services | _____ Food Services | Code | |
| _____ Telephone | _____ Other | Log Number | _____ |

**Prisoner's Name:** Walter Brooks **Jail #** 2306294 **Cell #** E

**Grievance** (Please be specific: time, date, etc.)

I HAve Been In Custody For 2 1/2 Weeks I HAve Put Numerous Sick CAll Slips In For My meds; Plendil; Pravasatin; Prilosec, And to HAve My nose looked at that WAS Injured by S.F. P.D. Sgt. HAggArt. All to no AvAil.

**Prisoner's Signature**

*Must be signed for all Medical /Psychiatric Grievances. I hereby authorize Jail Health Services to disclose information contained in my records which pertain to the above complaint to the Sheriff's Department.*

**Prisoner's Signature** _Walter Brooks_

Note: After you have finished and signed this form, take your PINK copy for your records.

**Staff member's response:** I WILL PASS THIS ON TO THE MEDICAL STAFF.

**Signature:** AL-GHANI #1576 **Date:** 3-30-07

**Prisoner's Signature:** _____ ☐ Satisfied With Response ☑ Prisoner Appeal

**Supervisor's response:** Mr. Brooks your medications were ordered. Thank you, for any other medical issues please turn in a medical request form

**Signature:** _____ **Date:** 3-30-07

**Prisoner's Signature:** X _Walter Brooks_ ☐ Satisfied With Response ☑ Prisoner Appeal

**Facility Commander response:** Hello Mr. Brooks I agree with the Watch Commanders application.

**Signature:** _____ **Date:** 03-02-07 ☐ Upheld Grievance Response

Orginal (Facility Copy)    Gold (Response To Prisoner)    Pink (Prisoner Copy)

15 OF 25

# EXHIBIT (H)

Exhibit (H)

*SFPD*                                                0702466

# CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO

Before completing this form, please read the instructions on the back. You have only 6 months from the date of incident
to submit this form and supporting documentation to the Controller or the Clerk of the Board of Supervisors.

| 1. Claimant's Name and Home Address (Please Print Clearly) | 2. Send Official Notices and Correspondence to: |
|---|---|
| Walter Brooks #2306294 CJ #1 - E-4 City San Francisco  Zip 94103 Telephone Daytime          Evening | Walter Brooks #2306294 850 Bryant CJ#1 E-4 City S. F.  Zip 94103 Telephone Daytime          Evening |

| 3. Date of Birth | 4. Social Security Number | 5. Date of Incident | 6. Time of Incident (AM or PM) |
|---|---|---|---|
| 06-22-66 | 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 | 3-3-07 | Between Hours OF 2Am - 3:45Am |

| 7. Location of Incident or Accident | 8. Claimant Vehicle License Plate #, Type and Year |
|---|---|
| At 850 Bryant Holding Cell at the Front of the Jail on 1st Floor. | San Francisco Police Dept. Sgt. Haggart |

**9. Basis of Claim.** State in detail all facts and circumstances of the incident. Identify all persons, entities, property and
City departments involved. State why you believe the City is responsible for the alleged injury, property damage or loss.

*S.F.P.D*
Sgt. Haggart Walked Into Holding at 850 Bryant First Floor, Alone
Asked me "Was I PAL" I refused to Awnser. Sgt Haggart
Punched me In the Face, Haggart Asked me where I live Again I refused
to Awnser I was Punched In the Face a Second and third time.

| Name, I.D. Number and City Department of City Employee who allegedly caused injury or loss | Type of City Vehicle | Vehicle License Number and Bus or Train Number |
|---|---|---|
| | | |

| 10. Description of Claimant's injury, property damage or loss | 11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions) |
|---|---|
| *S.F.P.D* ON 3-3-07 Sgt. Haggart At 850 Bryant I Was Continuesly Punched In the Face While handcuffed to the Holding cell bench Because I refused to awnser Sgt Haggart Questions. this Violated my civil rights as well as my Miranda rights I was excerciseng at the time. Swollen Nose & scratches Resulted From this Assult. | **ITEMS** Violation OF Civil rights $500,000 Miranda rights Violet $500,000 Pain $500,000 Post tramatic stress $500,000 TOTAL AMOUNT $2,000,000 Court Jurisdiction: Limited Civil ☐  Unlimited Civil ☐ |

| 12. Witnesses (if any) Name | Address | Telephone 415-724-7082 |
|---|---|---|
| 1. Vadim | | |
| 2. | | |

| 13. #2306294 *[signature]* 3-20-07 Signature of Claimant or Representative          Date Walter Brooks                  Self Print Name                        Relationship to Claimant | Do Not Write In This Space #2941 *[initials]* |
|---|---|

CRIMINAL PENALTY FOR PRESENTING A FALSE OR FRAUDULENT CLAIM IS
IMPRISONMENT OR FINE OR BOTH. (PENAL CODE §72)

CA FORM 2. 2/01

# EXHIBIT（工）

Exhibit (E)

## OFFICE OF CITIZEN COMPLAINTS - USE BLACK INK ONLY! ▼

**(1)** Day, Date & Time Complaint Received

Complaint Against: Personnel ☐ Policy ☐ Procedure ☐
How Received: Person ☐ Phone ☐ Letter ☐ SFPD ☐ Mail-In ☐  Other ☐ : (specify)_____

**(2)** Primary Complainant: ⚪ Co-Complainant

Brooks , Walter
Last Name          First Name          Middle Initial

**(3)** Personal Information
Age: 40 Date of Birth: 06-22-66
Sex: Male
Ethnicity: Native American / AFC
Occupation: In Home Support Svc.

HOME ADDRESS: 55 Mason Street    413
Street                Apartment

San Francisco , California  94103
City                State          Zip

WORK ADDRESS: N/A
Street              Apartment

City          State          Zip

**(4)** Telephone Numbers:
Home: (415 )552-7821

Work: (      ) N/A

**(5)** Location of Occurrence:
850 Bryant Station; Booking Holding tank

**(6)** Type of Place
Holding tank

**(7)** District

**(8)** Day, Date, & Time Of Occurrence:
March 3, 2007 Between 2-3:30
(A.M) / P.M. (Circle one)

**(9)** Incident Report or Citation No

**(10)** SECONDARY COMPLAINANT? Yes☐ No☐ Witnesses? Yes ☐ No ☐ (If "Yes", attach separate sheet of paper.)
Taped Interview? Yes ☐ No ☐  Criminal Case Pending in Relation to this matter? Yes ☐ No☐

**(11)** Injuries Claimed? Yes ☑ No ☐ Injuries Visible? Yes ☑ No ☐ Drug/Alcohol Related? Yes ☐ No ☑
Photos Taken? Yes ☐ No ☑ By: Photo Lab ☐  O.C.C. ☐  Other:_____
Type of Injury: Swollen nose / Abrasions to LF. Forehead
Medical Release Signed? Yes ☐ No ☐

| **(12)** Activity | **(13)** Type | **(14)** DISP. | **(15)** Uniform Yes No | **(16)** Rank | **(17)** Member's Name & Star Number | **(18)** Unit | **(19)** Svc | **(20)** Sex | **(21)** Eth |
|---|---|---|---|---|---|---|---|---|---|
| | | | ✓ | | Sargent  Haggart | | | M | Wht |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

17 OF 25

**(22)**

**NARRATIVE OF INCIDENT:** On 3-3-07, I was arrested For (Auto Burglary) at the time of my arrest I gave the Alias (J.S. Alexander) Afterward excercising my miranda right to remain silent, I was transported from the arrest site of (6TH & Minna) to (850 Bryant Station) At the (850 Station) I was asked my real name by several officers, I remained silent. After sometime I was taken to the Identix Computer) at this time Sgt. Haggart took my (right Index) and proceeded to verify my Identity. the computer came back with my true and correct name of (Walter Brooks) at this time Sgt. Haggart, Asked me was I (PAL) I remained silent, Sgt Haggart asked a second time while Bending my Index Finger, while my Left Arm was being held behind my back by one of my Arresting officers. I remained silent while Sgt. Haggart said "Don't resist", then Said "What are we doin here, are we cuffing the guy" as I was succuming to the Pain of my Finger being bent. Without Futher Incident I was handcuffed, and placed back Into the Holding tank on the First Floor of (850 Bryant) and had my left wrist handcuffed to the Bench I was Sitting on. After about 3-5 minutes Sargent Haggart enters the

(State law passed in 1995 mandates that the following statement be provided to, read and signed by persons filing complaints. *The OCC encourages the filing of a complaint by anyone who believes he or she is a victim or a witness of improper police conduct or policies.)*

### ACKNOWLEDGEMENT OF COMPLAINANT (148.6 P.C.)

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER FOR ANY IMPROPER POLICE CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED FOR AT LEAST FIVE YEARS.  IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE.  IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING THAT IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.

☐ I HAVE READ AND UNDERSTOOD THE ABOVE STATEMENT.         ☐ THE ACKNOWLEDGMENT HAS BEEN READ TO THE COMPLAINANT.

Complainant Signature/Date: *Walter Brooks* # 4-3-07    Taken By (Name/#/Unit)/Date:
2206294

Assigned Investigator/Date:    Closure Approval/Date:

<u>Narritive OF Incident Cont.</u>

Holding tank alone, he walks up to me no more than 3-7 Inches away From my Face, he was so close that his Stomch was almost touching my nose. He; Haggar Asked "are you (Pal)", I remain Silent He steps on my Feet my (Rt-Foot) I Pull It up-under the Bench away From him and he Strikes me In the Face, the First time In the Forehead, then Sgt Haggart, Asked me again "are you (P.A.)". I remain Silent; Sgt. Haggart Strikes me a Second time In the Head area; I remain Silent Again. Sgt. Haggart ASK's me a third Question, Where do you live, I remain Silent; Sgt. Haggart Strikes me High on the Bridge oF my nose, I scream out "I'm Homeless After which Sgt. Haggart Replys "now was that hard" I remain Silent. Sgt. Haggart then Say's "Your a Child molester, the lowest oF the low, "You mess with Childe Your Scum" then Sgt Haggart looks at a Hispinic Man and Says to him "You Should take Care oF Him In a menicing tone. Meaning He Should Assult me, For me being a 290 registrant.

# Witneses Information

Witness #1: Vadim    Phone# 415-724-7082

Witness #2: A Hispanic male who Sgt Haggart;
accused of Shooting at him on 3-3-07 or
3-2-07. he Said he would be my witness,
but didn't Want It to effect his situation.
He's 23 from FairField. no arrest prior to
this date. He was Charged With shooting at
Sgt Haggart, resisting Arrest, evading. the reason
I'm not Certain of the Arrest date for this Witness
Is because I don't know how long he had been
Sitting In the holding tank. So His Arrest occurea
3-3-07 or 3-2-07 For Sure.

# EXHIBIT (J)

1    **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, U.S.C §§ 1983**  ~~ORIGINAL~~

2                                                                    **FILED**

3    Name _Brooks , Walter_                          MAY 1 6 2007

4        (Last)        (First)        (Initial)    RICHARD W. WIEKING
                                                    CLERK U.S. DISTRICT COURT
5    Prisoner Number _#2306294_                     NORTHERN DISTRICT OF CALIFORNIA

6    Institutional Address _555 7TH Street, Second Floor_

7    _Prisoner Legal Service, S.F. CA, 94103. C/o_

8    _Walter Brooks @ 850 BRyant C J #1 - E_

9                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**

10   _Walter, Brooks_                          **C 07      2615**

11   (Enter the full name of plaintiff in this action.)

12              vs.                            Case No. _____
                                              (To be provided by the clerk of court)
13   _San francisco Police Chief: Heather Fong;_

14   _1st Watch Supervising Leutenant_        **COMPLAINT UNDER THE**  **SBA**
                                              **CIVIL RIGHTS ACT,**
15   _Staff; Sargent : Badge #16_              **42 U.S.C §§ 1983**

16   _HAGGart, S.F.P.D._                       **E-filing    (PR)**

17   (Enter the full name of the defendant(s) in this action))

18   *[All questions on this complaint form must be answered in order for your action to proceed..]*

19   I.    Exhaustion of Administrative Remedies

20         [**Note:** You must exhaust your administrative remedies before your claim can go

21         forward. The court will dismiss any unexhausted claims.]

22         A.    Place of present confinement _San Francisco County Jail #1_

23         B.    Is there a grievance procedure in this institution?

24                   YES (✓)    NO ( )

25         C.    Did you present the facts in your complaint for review through the grievance

26               procedure?

27                   YES (✓)    NO ( )

28         D.    If your answer is YES, list the appeal number and the date and result of the

COMPLAINT                          - 1 -

1  appeal at each level of review.  If you did not pursue a certain level of appeal,

2  explain why.

3  1. Informal appeal Claim AGainst the City

4  And County of San francisco #0702466

5  Filed: 3-22-07 ; Result: Denied 4/24/07 2. First

6  formal level_____

7  _____

8  _____

9  3. Second formal level_____

10 _____

11 _____4 Third

12 formal level_____

13 _____

14 _____

15 E.   Is the last level to which you appealed the highest level of appeal available to

16     you?

17          YES (✓)     NO ( )

18 F.   If you did not present your claim for review through the grievance procedure,

19 explain why._____

20 _____

21 _____

22 II.   Parties

23 A.   Write your name and your present address.  Do the same for additional plaintiffs,

24     if any.

25 Walter Brooks c/o Prisoner Leagal Service

26 555 Seventh Street, Second Floor.

27 San francisco, CAliFornia 94103

28 B.   Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                    - 2 -

1  place of employment.

2  San Francisco Police Chief: Heather Fong ;

3  San Francisco Police, First Watch, Leutenant Supervising

4  Staff ; Sargent: Haggart, Badge #16, San Francisco

5  Police Department #16, 850 Bryant Street,

6  San Francisco, CA. 94103.                    III.

7  Statement of Claim

8      State here as briefly as possible the facts of your case. Be sure to describe how each

9  defendant is involved and to include dates, when possible. Do not give any legal arguments or

10  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11  separate numbered paragraph. On 3/3/07 Sargent Hagget Badge #16 struck me with a closed Fist 3-times while I was handcuffed In the holding

12  cell at 850 Bryant.(Sargent Hagget #16) entered the Holding

13  cell after I had been ID'd and asked "Was I (P.A.L.)

14  I remained silent.(Hagget #16) Attempted to step on my

15  (Rt. Foot) I pulled my Foot under the bench I'm Handcuffed

16  to away from (Hagget #16), (Hagget #16) then Punched me in

17  In the head, (Hagget #16) asked me a second time

18  "are you P.A.L.") I still Remained silent. (Hagget #16) then

19  Punched me In the head a second time.( Hagget #16

20  Asked "Where do you live" I remained silent, (Hagget #16)

21  then Punched me High on the Bridge of my nose.

22  I screamed out "I'm Homeless" (Hagget #16) said "now that

23  wasn't Hard" "I was #1" as (Hagget #16) Left the holding cell he said "You're a Child molester, the lowest of the Low", to a Hispanic man he said "You should take care of him" "He's a child molester" then

24  Sgt Hagget #16 exited the Holding cell. Chief: Heather Fong', 1st.

25  Watch Leutenant Supervisor staff, are Involved under color of Authority,

IV.  Relief

26      Your complaint cannot go forward unless you request specific relief. State briefly exactly

27  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28  I Respectfully Request the court to enter a Favorable

COMPLAINT                    - 3 -

23 OF 25

Monetary Damages Judgement In Plantiff: Walter
Brooks, behalf For the Foregoing reasons; First:
Violation of Civil Rights-$500,000; Second: Violation
OF Miranda rights - $500,000; thirdly: Pain and
Suffering From Injuries Sustained - $500,000; Last
Resulting Post tramatic Stress-$500,000. ALSO Any Punitive
Damages the Court Deems appropriate to Impose.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __26TH__ day of __april__ , 20 __07__

_(signature)_

(Plaintiff's signature)

COMPLAINT                    - 4 -

24 OF 25

**EXHIBIT** (K)

# City and County of San Francisco



OFFICE OF THE SHERIFF - PRISONER LEGAL SERVICES

**Michael Hennessey**
Sheriff

**415-558-2472**

August 20, 2008

Walter Brooks
V23996
San Quentin State Prison
San Quentin, CA 94974

RE: Exhausting Administrative Remedies:

Dear Mr. Brooks:

I am in receipt of your letter regarding a conversation in which you state I told you to file a claim against the city in order to file a 42 U.S.C. Section 1983 claim. While I do not recall this conversation, I have looked up your claim against the city (#0702466 filed on March 22, 2007) and have discovered that the claim was against the San Francisco Police Department (SFPD) not the San Francisco Sheriff Department (SFSD). The SFSD Grievance Policy does not allow you to grieve incidents that happened outside of the jails and did not involve SFSD personnel. Unfortunately, I do not have any information on how you are supposed to exhaust your administrative remedies against the SFPD or if is even required. (Please note that since we do not represent you, I am unable to research this issue for you, but I am hopeful you my be able to find the answer in the law library.) I am sorry I could not be of more assistance. Good luck and hang in there.

Sincerely,

Nicholas Gregoratos

555 Seventh Street, Second Floor     Minimum 30% post consumer recycled     San Francisco, CA 94103-4732

25 OF 25